a brain tumor rather than heart disease, there was no mutual mistake and no fraud on the part of defendant. The agreement embraced not merely an adjustment of the claim for disability; it served to terminate the contractual relationship of the parties. It was fairly made and is valid despite a mistake of fact by one of the parties. (*Sears* v. *Grand Lodge A. O. U. W.*, 163 N. Y. 374, 378.) Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

Ike Brower and Others, Doing Business as South Shore Dairy Farms, Respondents, v. Ernest Sevier, Appellant.— In an action to recover damages for breach of contract, order denying defendant's motion to change the place of trial from Suffolk county to Onondaga county reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The action is transitory and should be tried in the county where the contract was made; and it appears that a large number of material witnesses reside in Onondaga county. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

Vito D'Alessandro, Respondent, v. Rubsam & Horrmann Brewing Company, Appellant.— Action to recover damages for breach of an alleged oral contract of employment. Order denying defendant's motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

Harold S. Horton, Respondent, v. Mildred S. Horton, Appellant.— Appeal from order in so far as it modifies a final judgment of divorce in respect of the amount of alimony to be paid to the wife by the plaintiff husband. Order, in so far as appealed from, affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of The Foreclosure of Tax Liens Pursuant to Article VII-A, Title 3, of the Tax Law by City of New Rochelle with Respect to Serial Nos. 203, 206, 226, 232, 233, 624, 680, 748, 883, Respectively. City of New Rochelle, Respondent, v. Alice Seacord, as Sole Surviving Executrix of and Trustee under the Last Will and Testament of Charles G. Banks, Deceased, Appellant.— Order of the County Court of Westchester County dated March 25, 1942, as amended by order dated April 14, 1942, striking out the defense contained in paragraph " second " of defendant's answer as insufficient in law, affirmed, with ten dollars costs and disbursements. (*City of Utica* v. *Proite*, 288 N. Y. 477.) Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Application of The City of New York Relative to Acquiring Title to the Real Property Required for the Widening of Hamilton Avenue from Henry Street to 3rd Avenue; Prospect Avenue from 3rd Avenue to 4th Avenue; 3rd Avenue from Prospect Avenue to 39th Street and from 62nd Street to 63rd Street; 18th Street from 3rd Avenue to a Line 175 Feet Northwesterly; 19th Street from 3rd Avenue to a Line 100 Feet Northwesterly; and a Public Park within the Block Bounded by 3rd Avenue, 65th Street, 2nd Avenue and 64th Street; and a Public Park within the Area Bounded by 18th Street, 3rd Avenue, 19th Street and Gowanus Canal; and a Public Park within the Area Bounded by Gowanus Canal, Hamilton Avenue, 3rd Avenue and 18th Street; and a Public Park Bounded by 2nd Avenue, 55th Street, a Line About 200 Feet East of 2nd

Avenue and 56th Street, in the Borough of Brooklyn, City of New York, in Connection with the Construction of an Elevated Parkway from Henry Street to Owls Head Park, Together with the Necessary Appurtenances and Approaches Thereto, and for the Construction of a High Level Bridge across Gowanus Canal, as Selected by the Triborough Bridge Authority, and Approved According to Law. WILLIAM J. HEFFERNAN and Others, Appellants; THE CITY OF NEW YORK, Respondent.— Final decree in a condemnation proceeding, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

In the Matter of the Application of ANNA MILLER and Others, Appellants, for a Certiorari Order to Review a Determination of THE BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, and HARRIS H. MURDOCK and Others, Constituting the Said Board of Standards and Appeals of the City of New York, Respondents, and JENNIE MACDONALD, Intervenor, Respondent.— Final order dismissing an order of certiorari and confirming the determination of the board of standards and appeals, city of New York, unanimously affirmed, with costs to respondent board of standards and appeals. In so far as the appeal is on the ground that a portion of the property is in a residence district and, therefore, not subject to the provisions of subdivision (f) of section 7 of the Zoning Resolution of the City of New York, the contention is not sustained because this court could modify the board's resolution so that the permit would extend only to the portion of the property lying within the business district; but inasmuch as the residence district area consists of about 9.7 square feet out of a total of 6,853 square feet, and the plans submitted to the board do not call for the erection of a nonconforming use in the residence area, the matter is not of sufficient importance to justify the modification. Appellants' other contentions are without merit. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of JOHN F. O'NEILL, Petitioner, for an Order against JOHN CASHMORE, as President of the Borough of Brooklyn, City of New York, and THE CITY OF NEW YORK, Respondents.— Proceeding, under article 78 of the Civil Practice Act, to review the determination of the president of the borough of Brooklyn adjudging the petitioner to be guilty of certain charges and dismissing him from his position as inspector in the bureau of highways and sewers. Determination unanimously confirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of MATILDA RUPPERT, as Administratrix, etc., of LOUIS L. RUPPERT, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld. EMILIA MICHAELS, Appellant; MATILDA RUPPERT,: as Administratrix, etc., of LOUIS L. RUPPERT, Deceased, Respondent.— Appeal from a decree in a discovery proceeding. Decree of the Surrogate's Court of Kings County unanimously affirmed, without costs. Assuming that the burden of proof rested upon the administratrix, the proof clearly establishes that she sustained it in so far as concerned the items of personal property directed to be turned over to her by the appellant on the theory that they were the property of the decedent at the time of his death. The observations of the referee, invoked by the appellant to sustain the contention that an undue burden of proof was placed upon her, should be interpreted, in view of the context, merely to mean that the appellant was under a duty to come forward with proof to avoid the conclusions required